IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT BARBER,**

    **Plaintiff,**

    v.

**XPERT RESTORATION COLUMBUS, LLC,** *et al.,*

    **Defendants.**

Case No. 2:22-cv-910
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This matter is before the undersigned on Plaintiff's response to the Court's June 23, 2022 Order directing him to show cause as to why his claims against Defendant Gary Blakeney should not be dismissed for failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF Nos. 21, 22.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against Defendant Gary Blakeney be **DISMISSED WITHOUT PREJUDICE**.

Rule 4(m) provides that if a defendant is not served with process within 90 days after a complaint is filed, a court must dismiss an action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint on February 22, 2022, against several Defendants, including Defendant Gary Blakeney. (ECF No. 1.) Accordingly, he was required to serve Defendant Gary Blakeney by May 23, 2022.

Plaintiff twice attempted to serve Defendant Gary Blakeney. Both attempts failed. Plaintiff first attempted to serve Defendant Gary Blakeney at an address in Parma, Ohio, but the

summons was returned unexecuted. (ECF Nos. 8, 11.) Instead of asking the Clerk to re-issue that summons to Defendant Gary Blakeney at that address, Plaintiff instead asked the Clerk to issue a summons to a statutory agent. (ECF No. 13.) The Clerk issued that summons and it was retuned executed. (ECF Nos. 14, 16.) Nevertheless, although the pertinent rules allow for service on a *corporation* via service on a statutory agent, the rules do not allow for service on an *individual* via a statutory agent. *See* Fed. R. Civ. P. 4(e); Ohio Civ. R. 4.1, 4.2(A). According to the Complaint, Defendant Gary Blakeney is an individual. (Compl., ¶ 6, ECF No. 1.) Therefore, he cannot be served via a statutory agent.

Because both of Plaintiff's attempts to serve Defendant Gary Blakeney were unsuccessful, the Court ordered Plaintiff to show cause as to why his claims against Defendant Gary Blakeney should not be dismissed. (ECF No. 21.) Plaintiff responded by filing the proof of his second unsuccessful attempt at service. That does not suffice.

Because Plaintiff has failed to properly serve Defendant Gary Blakeney within 90 days of the filing of the Complaint, and he has failed to adequately response to the Court's June 23, 2022 Show Cause Order, it is **RECOMMENDED** that Plaintiff's claims against Defendant Gary Blakeney be **DISMISSED WITHOUT PREJUDICE**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE